UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE STEPHEN A. VADEN, JUDGE

| | |
|---|---|
| Grupo Simec S.A.B. de C.V., *et al.*,<br><br>    Plaintiffs,<br><br>  v.<br><br>UNITED STATES,<br><br>    Defendant,<br><br>  and<br><br>REBAR TRADE ACTION COALITION,<br><br>    Defendant-Intervenor. | Court No. 22-00202 |

### DEFENDANT'S CONSENT MOTION FOR LEAVE TO CORRECT THE ADMINISTRATIVE RECORD

  Pursuant to Rule 7(b) of the Rules of this Court, defendant, the United States, respectfully requests leave for the Department of Commerce (Commerce) to correct the administrative record. Via electronic mail on October 13 and 14, 2022, all parties consented to this motion.

  Good cause supports this motion. On September 19, 2022, Commerce timely filed the business proprietary information and public versions of the indices of the administrative record for *Steel Concrete Reinforcing Bar from Mexico: Final Results of Antidumping Duty Administrative Review; 2019-2020*, 87 Fed. Reg. 34,848 (Dep't of Commerce June 8, 2022), at issue in the above-referenced litigation. ECF No. 18. The record index (like the record) is divided into two sections, one containing public documents and the other containing documents with business proprietary information.

It has come to Commerce's attention that a document was inadvertently omitted from the administrative record – namely, the Final Deficiencies Memorandum, which details deficiencies in Grupo Simec's questionnaire responses that discuss business proprietary information. This document was cited in Commerce's final results at pages 15-16 and 24-26. Thus, granting Commerce leave to correct the record is appropriate because the Final Deficiencies Memorandum was actually considered by the agency decision maker when making the challenged decision. *See Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971) (ordering the district court to consider "the full administrative record that was before the Secretary at the time he made his decision"), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99, 105, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977); *Nat'l Res. Def. Council v. Train*, 519 F.2d 287, 291 (D.C. Cir. 1975) ( "If it can be shown that the materials sought to be included in the record before the court, were indeed before the agency, supplementation is appropriate"); Order, *Bell Supply Co. v. United States*, No. 14-00066 (Ct. Int'l Trade Feb. 29, 2016), ECF No. 115 (granting Government's motion to correct the agency record to include documents that were before the agency decision-maker but were inadvertently omitted from the record).

No party will be prejudiced by allowing Commerce to correct the administrative record. Granting this motion will promote judicial efficiency and conserve resources because it will allow the parties and the Court to focus on methodological and factual inquiries rather than an inadvertent oversight by Commerce. We apologize for the inconvenience this inadvertent error has caused the parties and the Court.

For these reasons, we respectfully request that the Court grant this consent motion to correct the administrative record. If the Court grants this motion, Commerce will file amended administrative record indices within five business days.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

/s/L. Misha Preheim
L. MISHA PREHEIM
Assistant Director

| Of Counsel: | /s/Kara M. Westercamp |
| --- | --- |
| Ian A. McInerney | KARA M. WESTERCAMP |
| Attorney | Trial Attorney |
| Office of the Chief Counsel | Commercial Litigation Branch |
|    for Trade Enforcement and Compliance | Civil Division |
| U.S. Department of Commerce | U.S. Department of Justice |
| | P.O. Box 480 |
| | Ben Franklin Station |
| | Washington, DC 20044 |
| | |
| October 17, 2022 | Attorneys for Defendant |

## UNITED STATES COURT OF INTERNATIONAL TRADE

**BEFORE:  THE HONORABLE STEPHEN A. VADEN, JUDGE**

| | |
|---|---|
| Grupo Simec S.A.B. de C.V., *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) |
| UNITED STATES, | ) Court No. 22-00202 |
| Defendant, | ) |
| and | ) |
| REBAR TRADE ACTION COALITION, | ) |
| Defendant-Intervenor. | ) |

## **ORDER**

Upon consideration of defendant's consent motion for leave to correct the administrative record, it is hereby

**ORDERED** that defendant's motion is granted, and it is further

**ORDERED** that the Department of Commerce shall file amended record indices within five business days of the granting of this order.

Dated: _____, 2022  _____
New York, New York                                                                                       JUDGE