## UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE STEPHEN A. VADEN, JUDGE

| | |
|---|---|
| GRUPO ACERERO S.A. de C.V.,<br>GRUPO SIMEC S.A.B. de C.V., *et al.*,<br><br>      Plaintiffs,<br><br>and<br><br>GERDAU CORSA, S.A.P.I. de C.V.,<br><br>      Plaintiff-Intervenor,<br><br>    v.<br><br>UNITED STATES,<br><br>      Defendant,<br><br>and<br><br>REBAR TRADE ACTION COALITION,<br><br>      Defendant-Intervenor. | Consol. Court No. 22-00202 |

## DEFENDANT'S MOTION FOR LEAVE TO CORRECT THE ADMINISTRATIVE RECORD

Pursuant to the Court's October 26, 2022, order, ECF No. 27, and Rule 7(b) of this Court's Rules, defendant, the United States, respectfully requests leave for the Department of Commerce (Commerce) to correct the administrative record to add a document it inadvertently excluded, but which it repeatedly referenced in its issues and decision memorandum. Good cause supports this motion, as we explain below.

I. **Factual Background**

On September 19, 2022, Commerce timely filed the business proprietary information and public versions of the indices of the administrative record for *Steel Concrete Reinforcing Bar from Mexico*, 87 Fed. Reg. 34,848 (Dep't of Commerce June 8, 2022) (final admin. review) (P.R. 212), and accompanying issues and decision memorandum (Dep't of Commerce June 1, 2022) (IDM) (P.R. 208).[1] ECF No. 18. The record index (like the record) is divided into two sections, one containing public documents and the other containing documents with business proprietary information.

However, Commerce inadvertently omitted both the public and confidential versions of the "Grupo Simec Questionnaire Deficiencies Analysis" (Deficiencies Memorandum) from the administrative record. This memo is directly referenced numerous times on pages 15-16 and 24-26 of the IDM. It is also referred to in the Federal Register notice, regarding why Commerce determined to apply facts available with an adverse inference (AFA) to Grupo Simec's dumping margin. *Steel Concrete Reinforcing Bar from Mexico*, 87 Fed. Reg. at 34,849 n.10.

As we represented to the Court at the October 26, 2022 hearing, it is our understanding that the omission occurred because a case analyst unfamiliar with this administrative review was covering for the assigned case analyst, who was on leave, and inadvertently failed to file the public and confidential versions of the Deficiencies Memorandum on ACCESS, which is the filing system Commerce uses for compiling the administrative record.

---

[1] Prior to consolidation, Commerce also timely filed the administrative record in *Grupo Acerero S.A. de C.V. v. United States*, No. 22-230 (Ct. Int'l Trade), on October 5, 2022.

## II. The Deficiencies Memorandum Is A Part Of The Official Record

### A. Statutory And Regulatory Framework

Commerce is required to "maintain an official record of each antidumping and countervailing duty proceeding" and the "official record" includes "*government memoranda pertaining to the proceeding*, memoranda of ex parte meetings, determinations, notices published in the Federal Register, and transcripts of hearings." 19 C.F.R. § 351.104(a)(1) (emphasis added); *see also* 19 U.S.C. § 1516(a)(b)(2)(A)(i). The administrative record is not necessarily "those documents that the agency has compiled and submitted as 'the' administrative record"; rather the administrative record "consists of *all* documents and materials directly or indirectly considered by agency decision-makers{.}" *F. Lli De Cecco Di Filippo Fara San Martino S.P.A. v. United States*, 980 F. Supp. 485, 488–89 (Ct. Int'l Trade 1997) (citation omitted and emphasis added).

Regarding access to record information, Commerce is statutorily required to publish the final determination and to also "publish the facts and conclusions supporting that determination{.}" 19 U.S.C. § 1677f(i)(1). Commerce must also include in the final determination "an explanation of the basis for its determination that addresses relevant arguments, made by interested parties who are parties to the investigation or review (as the case may be), concerning the establishment of dumping or a countervailable subsidy{.}" *Id.* § 1677f(i)(3)(A). Notably, the statute contains no provision that would time-bar Commerce from correcting the administrative record, if the record omits any of the statutorily-required information.

3

### B. The Deficiencies Memorandum Is Intertwined With The Final Results

Here, the Deficiencies Memorandum is an integral part of the final results, indeed, it is "intertwined" with the final results. *F. Lli De Cecco*, 980 F. Supp. at 487. As Commerce explained in the final results, this 25-page document extensively addresses both "Comment 2: Whether Grupo Simec Should Have Been Issued Another Supplemental Questionnaire," and "Comment 4: Whether Commerce Should Have Applied AFA to Grupo Simec." IDM at 15-16, 24-26. The reason this analysis was in a separate document from the final results, as Commerce explained, was "{d}ue to the proprietary nature of certain information and issues." *Id.* at 15 (citing Deficiencies Memorandum and noting it is "dated concurrently" with the final results); *see also id.* at 24 (explaining the "Deficiencies Memorandum {} accompanies this decision memorandum"). For example, as identified in the final results, with respect to deficiencies in Grupo Simec's responses, the Deficiencies Memorandum analyzes "Quantity Adjustments," *id.* at 16 n.63, "Payment Terms," *id.* at 24 n.97, and "Delivery Terms and Inland Freight – Plant/Warehouse to Customer," *id.* at 25 n.100. And while "the petitioners also argued that certain cost of production data were deficient," the Deficiencies Memorandum discusses why Commerce "determined that Grupo Simec's responses were satisfactory{.}" *Id.* at 26 n.102.

Without the Deficiencies Memorandum, which is "so integral to Commerce's analysis" to apply facts available with an adverse inference to Grupo Simec's margin calculation, the Court cannot properly review that determination. *Saha Thai Steel Pipe Public Co., Ltd. v. United States*, --- F. Supp. 3d ----, 2022 WL 3681263, at *6 (Ct. Int'l Trade Aug. 25, 2022) (citations omitted). It is also clearly evident in the final results that Commerce *intended* for the Deficiencies Memorandum to accompany the final results, as it is referenced numerous times

4

throughout the IDM, is referred to in the Federal Register notice, was dated "concurrently" with the final results, "accompanies this decision memorandum," and analyzes Grupo Simec's proprietary information, which could not be included in the public final results. *See* IDM at 15 n.61, 24; *Steel Concrete Reinforcing Bar from Mexico*, 87 Fed. Reg. at 34,849 n.10.

Further, while the Deficiencies Memorandum was inadvertently omitted from the record, to prohibit its inclusion now would contravene both 19 U.S.C. § 1516(a)(b)(2)(A)(i) and 19 C.F.R. § 351.104(a)(1). In fact, it would be "a dereliction of its duty," *Saha Thai*, 2022 WL 3681263, at *7, for Commerce to decline to correct the record, since the Deficiencies Memorandum is an official record developed by Commerce that "pertain{s} to the proceeding." 19 C.F.R. § 351.104(a)(1); *see, e.g.*, *PSC VSMPO-AVISMA Corp. v. United States*, 688 F.3d 751, 761 (Fed. Cir. 2012) ("{C}ourts must not improperly intrude upon an agency's power to implement and enforce proper procedures for constructing an agency record."); *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971) (ordering the district court to consider "the full administrative record that was before the Secretary at the time he made his decision"), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99, 105 (1977); Order, *Bell Supply Co. v. United States*, No. 14-00066 (Ct. Int'l Trade Feb. 29, 2016), ECF No. 115 (granting Government's motion to correct the agency record to include documents that were before the agency decision-maker but were inadvertently omitted from the record). Thus, the Court should grant our motion for leave for Commerce to correct the record because the Deficiencies Memorandum *is* a part of the final results.

### C. There Is No Prejudice To The Parties

No party will be prejudiced by allowing Commerce to correct the administrative record. Commerce first explained the identified deficiencies to Grupo Simec's responses in the preliminary results, and the parties then had an opportunity to comment on the deficiencies in their administrative case briefs. *See* IDM at 15-16, 24-26. While Commerce summarized the deficiencies again in the final results, the Deficiencies Memorandum "present{s} a more robust discussion of the individual issues{.}" *Id.* at 24.

Also, all of the information discussed in the Deficiencies Memorandum is Grupo Simec's own information. *See id.* at 25 ("With respect to the completeness of the information, {Commerce} reiterate{s} that, *as discussed in the Deficiencies Memorandum*, Grupo Simec failed to cure a variety of deficiencies *with the data that it submitted* and, in the case of the downstream sales, failed to submit any responses.") (emphasis added); *id.* ("With respect to verifiability, as discussed in the Deficiencies Memorandum, *some of the information that Grupo Simec submitted* was either not supported or, in certain instances, even conflicted with other information on the record.") (emphasis added). In other words, none of the information presented in the Deficiencies Memorandum will be a surprise to the parties or consists of new factual information.

In addition, the plaintiffs challenge Commerce's determination to apply AFA to Grupo Simec, which is precisely the information further explained in the Deficiencies Memorandum. While the deficiency issues are broadly identified in the final results, should the Court grant this motion, then the parties will have a more thorough understanding of why Commerce determined to apply AFA to Grupo Simec.

Finally, the motion for leave to correct the administrative record is also timely, having been made as soon as we became aware that the Deficiencies Memorandum had been omitted from the administrative record. While a Commerce analyst attested at the time of the filing of the administrative record that, to the best of the analyst's knowledge it was complete, now that Commerce has become aware that the record is *not* complete, it has a statutory obligation to promptly complete the record. *See* 19 U.S.C. § 1516(a)(b)(2)(A)(i); 19 C.F.R. § 351.104(a)(1). Further, granting this motion will promote judicial efficiency and conserve resources because it will allow the parties and the Court to focus on methodological and factual inquiries.

## **CONCLUSION**

For these reasons, we respectfully request that the Court grant this motion to correct the administrative record. If the Court grants this motion, Commerce will file amended administrative record indices within five business days.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

/s/L. Misha Preheim
L. MISHA PREHEIM
Assistant Director

Of Counsel:
Ian A. McInerney
Attorney
Office of the Chief Counsel
   for Trade Enforcement and Compliance
U.S. Department of Commerce

/s/Kara M. Westercamp
KARA M. WESTERCAMP
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
P.O. Box 480

Ben Franklin Station
Washington, DC 20044

November 18, 2022                               Attorneys for Defendant
Ben Franklin Station
Washington, DC 20044

November 18, 2022                               Attorneys for Defendant

# UNITED STATES COURT OF INTERNATIONAL TRADE

## BEFORE: THE HONORABLE STEPHEN A. VADEN, JUDGE

| | |
|---|---|
| GRUPO ACERERO S.A. de C.V.,<br>GRUPO SIMEC S.A.B. de C.V., *et al.*,<br><br>    Plaintiffs,<br><br>and<br><br>GERDAU CORSA, S.A.P.I. de C.V.,<br><br>    Plaintiff-Intervenor,<br><br>    v.<br><br>UNITED STATES,<br><br>    Defendant,<br><br>and<br><br>REBAR TRADE ACTION COALITION,<br><br>    Defendant-Intervenor. | Consol. Court No. 22-00202 |

## **ORDER**

Upon consideration of defendant's motion for leave to correct the administrative record, it is hereby

**ORDERED** that defendant's motion is granted, and it is further

9

**ORDERED** that the Department of Commerce shall file amended record indices within five business days of the granting of this order.

Dated: _____, 2022　　　　　　　　　　　　　_____
New York, New York　　　　　　　　　　　　　　　　　　　　　JUDGE