**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

GRUPO ACERERO S.A. de CV.,
GRUPO SIMEC S.A.B. de C.V., et al.,

                Plaintiffs,

      and

GERDAU CORSA, S.A.P.I de C.V.,

               Plaintiff-Intervenor,

      v.

UNITED STATES,

              Defendant,

      and

REBAR TRADE ACTION COALITION,

             Defendant-Intervenor.

Before: Hon. Stephen Alexander Vaden,
        Judge

Consol. Court No. 22-00202

**<u>DEFENDANT-INTERVENOR'S REPLY TO DEFENDANT'S MOTION TO CORRECT
THE ADMINISTRATIVE RECORD</u>**

Alan H. Price, Esq.
John R. Shane, Esq.
Maureen E Thorson, Esq.
Jeffrey O. Frank, Esq.
Paul J. Coyle, Esq.

**WILEY REIN LLP**
**2050 M Street, NW**
**Washington, DC 20036**
**(202) 719-7000**

*Counsel to the Rebar Trade Action
Coalition*

Dated: December 21, 2022

Consol. Ct. No. 22-00202

## I.    __INTRODUCTION__

On behalf of the Rebar Trade Action Coalition ("RTAC"), Defendant-Intervenor in this consolidated action, we respectfully submit this reply to the December 2, 2022 response filed by Plaintiffs and Plaintiff-Intervenors Grupo Simec S.A.B. de C.V., *et al.* ("Simec"), Grupo Acerero S.A. de C.V., and Gerdau Corsa, S.A.P.I. de C.V. (collectively, "Plaintiffs") regarding Defendant's November 18, 2022 motion for leave to correct the administrative record. *See* Consol. Pls. and Pl.-Intervenors' Joint Resp. to Def.'s Mot. for Leave to Correct the Admin. R. (Dec. 2, 2022), ECF No. 29 ("Pls.' Response"), Def.'s Mot. for Leave to Correct the Admin. R. (Nov. 18, 2022), ECF No. 28 ("Def.'s Motion"). As explained herein, RTAC supports Defendant's motion, and respectfully submits that it should be granted.

## II.    __PROCEDURAL BACKGROUND__

This action arises from the 2019-2020 administrative review of the antidumping duty order on Mexican steel concrete reinforcing bar. *See, e.g.*, Compl. (Aug. 8, 2022), ECF No. 8 at 2. The U.S. Department of Commerce ("Commerce") issued its final issues and decision memorandum in the review on June 1, 2022. *See* Issues and Decision Memorandum accompanying *Steel Concrete Reinforcing Bar From Mexico*, 87 Fed. Reg. 34,848 (Dep't Commerce June 8, 2022) (final results of antidumping duty admin. rev.; 2019-2020), ECF No. 18-5, P.R. 208 at 1 ("IDM"). In the IDM, Commerce repeatedly referenced a "Deficiencies Memorandum" dated concurrently with the IDM. *See* IDM at 15-16, 24-26. The Deficiencies Memorandum was also referenced in the *Federal Register* notice of the final results of the review. *Steel Concrete Reinforcing Bar From Mexico*, 87 Fed. Reg. 34,848, 34,849 n.10 (Dep't Commerce June 8, 2022) (final results of antidumping duty admin. rev.; 2019-2020), ECF No. 18-4, P.R. 212 ("Final Results Notice"). As described in the IDM, the Deficiencies Memorandum addressed "unremedied deficiencies" in Simec's questionnaire responses, as well as the parties' arguments regarding those deficiencies.

Consol. Ct. No. 22-00202

IDM at 15. Commerce explained that it had prepared the separate Deficiencies Memorandum, in addition to the IDM, due to the proprietary nature of certain information referenced in the parties' arguments and the agency's analysis. *Id.*

While Commerce released the IDM to the parties on June 1, 2022, it did not simultaneously upload the Deficiencies Memorandum to ACCESS, the agency's online case filing system. Def.'s Motion at 2. The Deficiencies Memorandum was also not listed in the administrative record indices filed with the court on September 19, 2022. *See id.*; *see also* Confidential Admin. R. Index (Sept. 19, 2022), ECF No. 18-2; Public Admin. R. Index (Sept. 19, 2022), ECF No. 18-3. Subsequent to the filing of these indices, counsel for Simec reached out to counsel for Defendant regarding the IDM's references to the Deficiencies Memorandum. *See* Pls.' Response at 15. Counsel for Defendant then filed a motion for leave to correct the record on October 17, 2022. Def.'s Consent Mot. for Leave to Correct the Admin. R. (Oct. 17, 2022), ECF No. 20 ("October 17 Motion"). The court granted that motion, but a disagreement then arose among Plaintiffs' and Defendant's counsel regarding whether Plaintiffs had consented to the motion. *See, e.g.*, Order (Oct. 19, 2022), ECF No. 25. After an October 26, 2022 status conference, the Court (1) vacated its earlier order granting the October 17, 2022 motion, (2) ordered Defendant to file a renewed motion by November 18, 2022, and (3) set a briefing schedule for responses and replies thereon. Order (Oct. 26, 2022), ECF No. 27.

## III.   **DEFENDANT'S MOTION SHOULD BE GRANTED**

As Defendant explains in its motion, Commerce created the Deficiencies Memorandum simultaneously with the IDM, and it is "intertwined" with the final results of the review on appeal. Def.'s Motion at 4. The many references to the Deficiencies Memorandum in the IDM demonstrate that it was the agency's intent for the Deficiencies Memorandum to accompany the final results. *Id.* at 4-5. The Deficiencies Memorandum is also part of the administrative record as a matter of

Consol. Ct. No. 22-00202

law, as it was a document "considered by agency decision-makers." *Id.* at 3 (quoting *F. Lli De Cecco Di Filippo Fara San Martino S.P.A. v. United States*, 980 F. Supp. 485, 488-89 (Ct. Int'l Trade 1997)). It is further lawfully part of the record because it is a "governmental memorand{um} pertaining to the case." 19 U.S.C. § 1516a(b)(2)(A)(i). Because the Deficiencies Memorandum was created simultaneously with the IDM, was meant to accompany the IDM, was "considered by agency decision makers," and is a "governmental memorand{um} pertaining to the case," the Court should grant Defendant leave to include it formally in the administrative record here.

Plaintiffs' arguments to the contrary are unpersuasive. Indeed, it is unclear to RTAC how any party, including Plaintiffs, would ultimately benefit from a denial of Defendant's motion. Plaintiffs appear to believe that if the merits of this case are briefed without the Deficiencies Memorandum being a formal part of the administrative record, Commerce may "lose" this case. *See* Pls.' Response at 16-17. But to the extent that Plaintiffs believe that this means that the Court will directly order Commerce to grant them all the relief that they sought below, *i.e.*, a zero or *de minimis* margin for Simec, they entirely misunderstand the standard of review. As the Court of Appeals for the Federal Circuit ("CAFC") has explained, "the Court of International Trade is precluded by statute from ever outright reversing a decision by Commerce . . . Rather, at most it can simply remand for further consideration consistent with its decision." *Ad Hoc Shrimp Trade Action Comm. v. United States*, 515 F.3d 1372, 1383 (Fed. Cir. 2008); *see also* 19 U.S.C. § 1516a(b)(1)(B)(i) (providing standard of review for appeals of Commerce's final results in antidumping duty administrative review). Accordingly, the CAFC has reversed so-called "directed remands," finding them inappropriate in light of 19 U.S.C. 1516a. *See, e.g.*, *Nexteel Co. v. United States*, 28 F.4th 1226, 1238 (Fed. Cir. 2022).

Consol. Ct. No. 22-00202

It therefore appears likely that, should this Court find that the IDM does not adequately explain or support Commerce's treatment of certain issues in the absence of the Deficiencies Memorandum, the Court would remand for further explanation rather than simply order Commerce to alter the margin determination. At that point, Commerce would be able to provide the reasoning already present in the Deficiencies Memorandum in its remand results. The Court would then be in the position of having to consider, on remand, the sufficiency of the reasoning that is already present in the Deficiencies Memorandum and which Commerce already prepared and considered in reaching the decision presently on appeal. Rather than helping plaintiffs in any way, denial of Defendant's motion stands to unnecessarily complicate and delay the final resolution of their appeal, while wasting both party and judicial resources.

Plaintiffs argue that Defendant may not now add the Deficiencies Memorandum to the official record because, in failing to upload the Deficiencies Memorandum to ACCESS at the time that it was created, Commerce deprived them of their opportunity to review and comment on "critical" and "detailed" information in the document. Pls.' Response at 5-10. But Commerce's final decision documents are just that – final. While parties have a right to comment on Commerce's preliminary decision documents, Commerce's regulations provide parties with no right to comment on final analysis documents, with one exception. 19 C.F.R. § 351.309 (regarding submissions of written argument). Parties may file "ministerial error comments" in which they allege the presence of clerical or mathematical errors affecting the final results. 19 C.F.R. § 351.224(c)(2). Plaintiffs do not assert that they would have filed such comments had they been in timely possession of the Deficiencies Memorandum. *See generally* Pls.' Response.

Nor, for that matter, do Plaintiffs argue that they would have drafted their complaints differently had the document been released to the parties at the time of its creation. *See id.* at 16.

Consol. Ct. No. 22-00202

Likewise, the fact that the Deficiencies Memorandum was not uploaded to ACCESS until October 18, 2022 can have no meaningful impact on the Plaintiffs' ability to draft their opening briefs, as those briefs will not be due until 90 days after the Court issues its decision on the present motion. Order (Oct. 26, 2022), ECF No. 27.

Plaintiffs argue that, had the Deficiencies Memorandum been issued to them simultaneously with the IDM, they would have had the right "to introduce rebuttal facts" under 19 C.F.R. § 351.301(c)(4), or otherwise to comment on the document under 19 U.S.C. § 1677m(g). Pls.' Response at 8-9. These assertions betray a fundamental misunderstanding of both the regulation and the statute. For its part, 19 C.F.R. § 351.301(c)(4) provides the parties with an opportunity to submit data to rebut factual information that is entirely new to the record. 19 C.F.R. § 351.301(c)(4). Importantly, 19 C.F.R. § 351.102(b)(21) defines "factual information" as "evidence," not argument or analysis. 19 C.F.R. § 351.102(b)(21); s*ee also* 19 C.F.R. §§ 351.301 & 351.309 (providing deadlines for submissions of "factual information" and "written argument"). As such, "factual information" does not include Commerce's analysis of evidence already on the record. Likewise, 19 U.S.C. § 1677m(g) provides parties with a right to comment on "{i}nformation that is submitted on a timely basis to {Commerce}," not the right to comment on Commerce's final analysis of that information.

Plaintiffs imply, but do not expressly assert, that the Deficiencies Memorandum contains new factual information, arguing that if it referred only to information already on the record, it could not possibly be "critical." Pls.' Response at 7-8. This is specious. It is perfectly possible for a document to refer only to existing factual information, while providing an analysis of that existing information not found elsewhere. The analysis and explanation in such a document does not become new factual information thereby. 19 C.F.R. § 351.102(b)(21).

Consol. Ct. No. 22-00202

Plaintiffs fare no better with their other arguments, which grossly misapprehend various aspects of the trade laws. They argue that the Tariff Act of 1930's deadlines for the completion of reviews, as well as the statutory provision for correction of ministerial errors, prohibit the addition of the Deficiencies Memorandum to the record. Pls.' Response at 11-13. But the statutory language laying out deadlines for the completion of administrative reviews is precatory, not mandatory. 19 U.S.C. § 1675(a)(3)(A); *see also Diamond Tools Tech. LLC v. United States*, 545 F. Supp. 3d 1324, 1332 (analyzing certain deadlines contained in 19 U.S.C. § 1517). Certainly, that language contains no express, or even implied, prohibition on Commerce's formally correcting an administrative record to add documents that it actually created and considered during the review. 19 U.S.C. § 1675(a)(3)(A); *see also* 19 U.S.C. § 1516a(b)(2). Nor can such a prohibition be reasonably inferred from the language of the ministerial error statute. 19 U.S.C. § 1675(h). Here, Commerce is not trying to alter any aspect of its decision; it is merely attempting to ensure that the official record contains all documents prepared by and considered by the agency in the course of making that decision.

Plaintiffs' claims that good cause does not exist to allow the Deficiencies Memorandum to be included in the official record ring hollow. Plaintiffs state that "{t}here is no information indicating that any form of the {Deficiencies} Memorandum was actually considered by Commerce during the decision-making process." Pls.' Response at 15. This is not so. The Deficiencies Memorandum is repeatedly referred to in the IDM; it is also referred to in the final results notice. *See* IDM at 15-16, 24-26; Final Results Notice, 87 Fed. Reg. at 34,849 n.10. Plaintiffs complain that Commerce did not independently notice the absence of the Deficiencies Memorandum from the record or bring it to the parties' attention. Pls.' Response at 15. But neither did any of the parties notice its absence from the record for months after the final results were

Consol. Ct. No. 22-00202

issued, despite the document being referenced multiple times in the IDM. Further, once alerted to its absence, Commerce and Defendant promptly sought leave to correct the record. *See* October 17 Motion.

Finally, Plaintiffs' arguments that Commerce regularly "shows no mercy" in disallowing the parties before it to make late filings are beside the point. Pls.' Response at 17-20. The Court is not tasked with conducting a referendum on how Commerce administers its regulations regarding the timely filing of documents by the parties appearing before it. Rather, the Court is considering whether to allow the addition to the official record of a document that contemporaneous documentation (*e.g.*, the IDM) shows to have been prepared and considered by Commerce in its decision-making. Prohibiting that addition would benefit no one, including Plaintiffs. Given that USCIT Rule 1 calls for the "just, speedy, and inexpensive determination of every action and proceeding," the pointless delay and expense that would result from a denial of Defendant's motion should not be countenanced. *See* USCIT R. 1.

## IV.    <u>CONCLUSION</u>

For the reasons discussed herein and in Defendant's Motion and Defendant's Reply in Response to Plaintiffs' and Plaintiff-Intervenor's Joint Response in Opposition to Defendant's Motion for Leave to Correct the Administrative Record (Dec. 14, 2022), ECF No. 33, the motion for leave to correct the administrative record should be granted.

Consol. Ct. No. 22-00202

Respectfully submitted,

*/s/ John R. Shane*
Alan H. Price, Esq.
John R. Shane, Esq.
Maureen E Thorson, Esq.
Jeffrey O. Frank, Esq.
Paul J. Coyle, Esq.

**WILEY REIN LLP**
2050 M Street, NW
Washington, DC 20036
(202) 719-7000

*Counsel to the Rebar Trade Action Coalition*

Dated: December 21, 2022

<u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Chamber Procedure 2(B)(1), the undersigned certifies that this brief complies with the word limitation requirement. The word count for Defendant-Intervenor Rebar Trade Action Coalition's Reply to Defendant's Motion to Correct the Administrative Record, as computed by Wiley Rein LLP's word processing system (Microsoft Word 2021), is 2,165 words.


<u>*/s/ John R. Shane*</u>
(Signature of Attorney)

<u>John R. Shane</u>
(Name of Attorney)

<u>Rebar Trade Action Coalition</u>
(Representative Of)

<u>December 21, 2022</u>
(Date)