Slip-Op. 23-11

## UNITED STATES COURT OF INTERNATIONAL TRADE

GRUPO ACERERO S.A. de C.V.,
GRUPO SIMEC S.A.B. de C.V., et al.,

*Plaintiffs,*

*and*

GERDAU CORSA, S.A.P.I. de C.V.,

*Plaintiff-Intervenor,*

v.

UNITED STATES,

*Defendant,*

*and*

REBAR TRADE ACTION COALITION,

*Defendant-Intervenor.*

Before: Stephen Alexander Vaden,
Judge

Consol. Court No. 1:22-cv-00202

## OPINION

[Granting Defendant's Motion to Correct the Record.]

Dated: January 27, 2023

*James L. Rogers, Jr.*, Nelson Mullins Riley & Scarborough LLP, of Greenville, SC, for the Joint Plaintiffs. With him on the brief were *Irene H. Chen*, VCL Law LLP, *Mark B. Lenhart*, Law Offices of David L. Simon, LLP, and *Craig A. Lewis*, Hogan Lovells US LLP.

*Kara M. Westercamp*, Trial Attorney, U.S. Department of Justice, of Washington, DC, for the Defendant. With her on the brief were *Brian M. Boynton*, Principal Deputy Assistant Attorney General, *Patricia M. McCarthy*, Director, *L. Misha Preheim*,

Consol. Court No. 1:22-cv-00202                                    Page 2

Assistant Director, U.S. Department of Justice, Commercial Litigation Branch, and *Ian A. McInerney*, Of Counsel, U.S. Department of Commerce, Office of the Chief Counsel for Trade Enforcement and Compliance.

*John R. Shane*, Wiley Rein LLP, of Washington, DC, for the Defendant-Intervenor. With him on the brief were *Alan H. Price, Maureen O. Thorson, Jeffrey O. Frank*, and *Paul J. Coyle*.

**Vaden, Judge:**    On August 8, 2022, Grupo Simec S.A.B. de C.V., et al. (including fourteen subsidiaries as plaintiffs, collectively, Grupo Simec) filed a complaint challenging the Final Results of the Department of Commerce's (Commerce) Administrative Review in *Steel Concrete Reinforcing Bar from Mexico: Final Results of Antidumping Duty Administrative Review; 2019-2020* (Final Results), 87 Fed. Reg. 34,848 (June 8, 2022). Compl. ¶ 1, ECF. No 8. On October 17, 2022, Commerce filed what it termed a "Consent Motion to Correct the Record." Consent Mot. to Correct the R., ECF No. 20. Plaintiffs Grupo Acerero S.A. de C.V. and Gerdau Corsa, S.A.P.I. de C.V. (collectively, Consolidated Plaintiffs) consented, but Plaintiff Grupo Simec had not consented. After an in-person status conference to discuss the consent issue, consolidation, and a dispute over the proposed briefing schedule, the Court ordered consolidation and set a briefing schedule for the contested Motion to Correct the Record. *See* Order, ECF No. 27. Commerce now moves to correct the record to include the Grupo Simec Questionnaire Deficiencies Analysis (Deficiencies Memorandum) that was neither included in the administrative record provided to the Court nor given to the parties. Def.'s Mot. Correct Record (Def.'s Mot.) at 2, ECF No. 28. Plaintiffs oppose this Motion, claiming that Commerce

seeks to unlawfully place new factual information on the record and that Commerce acts in bad faith. Pls.' Resp. in Opposition to Def.'s Mot. for Leave to Correct the R. (Pls.' Resp.) at 1–2, ECF No. 29. Defendant-Intervenor Rebar Trade Coalition (the Coalition) supports Commerce's Motion. Def.-Int.'s Reply, ECF No. 34. For the reasons that follow, Commerce's Motion to Correct the Record is **GRANTED**.

## BACKGROUND

### I.   Procedural Background

On November 6, 2014, Commerce issued an antidumping duty order on concrete reinforcing bar (rebar) from Mexico. *Steel Concrete Reinforcing Bar from Mexico: Antidumping Duty Order,* 79 Fed. Reg. 65,925 (Nov. 6, 2014). Commerce began an annual review of the Order on January 6, 2021. *Initiation of Antidumping Duty and Countervailing Duty Administrative Reviews*, 86 Fed. Reg. 511 (Jan. 6, 2021). Grupo Simec and Deacero S.A.P.I. de C.V. were selected as mandatory respondents on February 8, 2021, and the other Consolidated Plaintiffs remained subject to the review. *See Steel Concrete Reinforcing Bar from Mexico: Preliminary Results of Antidumping Duty Administrative Review; 2019-2020* (Preliminary Results), 86 Fed Reg. 68,632, 68,633 (Dec. 3, 2021). In the Preliminary Results, Commerce assigned a 66.7% dumping margin to Grupo Simec, drawing adverse inferences from facts otherwise available. *Id.* at 68,633; *see also* 19 U.S.C. § 1677(e)(a)(1)(B). Commerce published its Final Results on June 8, 2022, continued to apply facts otherwise available with an adverse inference to Grupo Simec, and

maintained its dumping margin of 66.7%.  Final Results, 87 Fed. Reg. at 38,849.

Commerce then calculated a 33.35% dumping margin for the companies not selected

for individual examination by averaging the dumping margins of Grupo Simec and

Deacero, which received a 0% dumping margin.  *Id.* at 38,849–50.

On August 8, 2022, Grupo Simec filed a complaint challenging Commerce's

Final Results.  Compl. ¶¶ 8–11, ECF No. 8.  The Coalition intervened as Defendant-

Intervenor on August 30, 2022.  Order Granting Intervention, ECF No. 16.  Grupo

Acerero initiated a separate action challenging the Final Results and filed its

complaint on August 26, 2022. Compl., ECF No. 8, Case No. 22-00230.  Grupo Acerero

challenged the same issues as Grupo Simec and also challenged the 33.5% dumping

rate that Commerce applied to it as unsupported by substantial evidence.  *Id.* ¶ 7.

The Coalition intervened as a Defendant-Intervenor in this case as well on September

6, 2022. Order Granting Intervention, ECF No. 16, Case No. 22-00230.  Gerdau Corsa

also joined as Plaintiff-Intervenor on September 23, 2022.   Order Granting

Intervention, ECF No. 23, Case No. 22-00230.  After the in-person status conference

on October 26, 2022, and with the consent of all the parties, the Court consolidated

the two actions with Grupo Simec's action designated as the lead case.  Order, ECF

No. 27.

## II.    The Present Dispute

In antidumping cases, the Court reviews Commerce's decision to determine

whether it is "unsupported by substantial evidence on the record[.]"  19 U.S.C. §

1516a(b)(1)(B)(i).  The record is defined as a "copy of all information presented to or obtained by the Secretary, the administering authority, or the Commission during the course of the administrative proceeding, including all governmental memoranda pertaining to the case[.]"  19 U.S.C. § 1516a(b)(2)(A)(i).  CIT Rule 73.2 explains that "within 40 days after the date of service of the complaint [Commerce] must file the official record of the civil action."  USCIT Rule 73.2(a).  The rule mirrors the language of the statutory definition and the language found in Commerce's own regulations by stating that the record includes "[a] copy of all information presented to or obtained by the administering authority or the Commission during the course of the administrative proceedings, including all governmental memoranda pertaining to the case."  *Id.*; *accord* 19 U.S.C. § 1516a(b)(2)(A)(i); 19 C.F.R. § 351.04.

On September 19, 2022, Commerce filed the indices of both the public and confidential versions of the administrative record with the Court.  Administrative Record Index, ECF No. 18.  On October 17, 2022, the Government filed what it termed a Consent Motion for Leave to Correct the Administrative Record.  Def.'s Consent Mot., ECF No. 20.  The Motion explained that the Final Deficiencies Memorandum, which Commerce cited in its Final Results, "was inadvertently omitted from the administrative record."  *Id.* at 2.  Commerce sought to correct this mistake because "the Final Deficiencies Memorandum was actually considered by the agency decision maker when making the challenged decision."  *Id.*  The Court entered an order

granting the "Consent Motion" that same day.  Order Granting Consent Motion, ECF No. 21.

The next day, Grupo Simec contacted the Court and stated that it had not consented to the Motion.  Instead, it had requested a copy of the missing document so that it could determine whether it should consent.  The Court called for the parties to submit their email correspondence regarding the issue of consent to the Motion. *See* Appendix to Opinion.  A review of the emails between the Department of Commerce and Grupo Simec confirmed that Grupo Simec had never consented to Commerce's Motion.  Meanwhile, Plaintiffs Grupo Acerero and Gerdau Corsa began to have second thoughts about their earlier consent, withdrew that consent, and reserved the right to object to any "correction of the record." *Id.*

To bring order to this procedural chaos, the Court scheduled an in-person status conference for October 26, 2022.  *See* Order Scheduling Joint Status Conference, ECF No. 25.  Commerce explained that it omitted the Deficiencies Memorandum because the analyst assigned to the case was on leave and the replacement analyst who certified and assembled the record was unfamiliar with the case.  Joint Status Conf. Recording at 16:15–16:28.  The Court proposed placing the Deficiencies Memorandum on the record while permitting the parties to dispute its addition as part of their Motions for Judgment on the Agency Record.  Counsel for Grupo Simec was amenable to this proposition, but the counsels for Consolidated

Plaintiffs were opposed. The Court then granted a recess to allow the parties to confer and reach a common position.

After the recess, Plaintiffs returned to the courtroom and stated that they wished for the record issue to be resolved before filing their Motions for Judgment on the Agency Record. Commerce had no objection to this and offered to give unredacted copies of the Deficiencies Memorandum to the Plaintiffs' Counsel to assist with the briefing. Counsel for Grupo Simec accepted Commerce's offer, but Counsel for Grupo Acerero rejected it. Joint Status Conf. Recording at 50:20–51:00. The Court left each party to make its own decision about whether to view the contested document before the Court resolved the document's disputed status. The parties were able to agree to consolidate the two cases into one, with Case Number 22-202 becoming the lead case. *See* Order, ECF No. 27. The Court also set a briefing schedule for the contested Motion to Correct the Administrative Record. *Id.*

On November 18, 2022, Commerce filed its Motion, arguing that the Deficiencies Memorandum is part of the record because it was considered by Commerce in making its decision and that adding it to the record for review would not prejudice any party. Def.'s Mot. at 4–6, ECF No. 28. The Plaintiffs filed a joint response in opposition to Commerce's Motion, arguing that they would be prejudiced by the addition because the omitted document contains new factual information that they had neither seen nor had an opportunity on which to comment. Pls.' Resp. at 6, ECF No. 29. On December 14, 2022, Commerce filed its reply brief arguing that the

Consol. Court No. 1:22-cv-00202                                         Page 8

Deficiencies Memorandum was part of the Final Results of the administrative review

and that parties do not have an opportunity to comment on the Final Results. Def.'s

Reply at 2–4, ECF No. 33. Commerce asserts that the omitted document is

automatically part of the record and that it did not omit the document in bad faith.

*Id.* at 5–8. On December 21, 2022, the Coalition filed a reply brief in support of

Commerce's Motion. It argued that a denial of the Motion would needlessly delay

resolution of the case because the appropriate remedy if Commerce were to lose on

the merits would be to remand to Commerce for it to include the document in the

record. Def.-Int.'s Reply at 4, ECF No. 34. The Motion is now ripe for consideration.

## STANDARD OF REVIEW AND JURISDICTION

The Court has exclusive jurisdiction over Plaintiffs' challenge to the Final

Results under 19 U.S.C. § 1516a(a)(2)(B)(i) and 28 U.S.C. § 1581(c), which grant the

Court authority to review actions contesting final affirmative determinations in an

antidumping order. Because the Court has jurisdiction over the underlying action, it

has jurisdiction over Defendant's Motion to Correct the Record.

The record for judicial review consists of a "copy of all information presented

to or obtained by the Secretary, the administering authority, or the Commission

during the course of the administrative proceeding, including all governmental

memoranda pertaining to the case[.]" 19 U.S.C. § 1516a(b)(2)(A)(i); *accord* 19 C.F.R.

§ 351.104; USCIT Rule 73.2. This Court has previously noted that the

"administrative record" is not necessarily "those documents that the agency has

compiled and submitted as 'the' administrative record" but rather "consists of all documents and materials directly or indirectly considered by agency decision-makers and includes evidence contrary to the agency's position." *Hyundai Elec. & Energy Sys. Co. v. United States*, 477 F. Supp. 3d 1324, 1329 (CIT 2020) (quoting *F. Lli De Cecco Di Filippo Fara San Martino S.P.A. v. United States*, 980 F. Supp. 485, 488–89 (CIT 1997)). The Court therefore "consider[s] matters outside of the administrative record submitted by the agency" when "there is a *reasonable basis* to believe the administrative record is incomplete." *Id.* (emphasis in original) (quoting *F. Lli De Cecco*, 980 F. Supp. at 487). Indeed, "a court may order completion or supplementation of the record in light of clear evidence that the record was not properly designated or the identification of reasonable grounds that documents considered by the agency were not included in the record." *JSW Steel (USA) Inc. v. United States*, 466 F. Supp. 3d 1320, 1328–29 (CIT 2020); *see Saha Thai Steel Pipe Pub. Co., Ltd. v. United States*, 592 F. Supp. 3d 1299, 1308 (CIT 2022) (ordering the record supplemented with information cited by respondent during investigation). When the omitted information is "sufficiently intertwined with the relevant inquiry" so that "the decision can[not] be reviewed properly without" it, then the Court should correct the record, as long as it would not unduly prejudice any party. *See Floral Trade Council v. United States*, 709 F. Supp. 229, 230 (CIT 1989).

## DISCUSSION

The Deficiencies Memorandum is properly part of the record because it was produced during the investigation and was considered by the agency in making the decision.   The omission of the Deficiencies Memorandum would frustrate judicial review:   Commerce's decision cannot properly be reviewed without its inclusion. Because it is properly part of the record, the record should be corrected to include it as long as its inclusion does not unduly prejudice any party and Commerce did not act in bad faith in omitting it.[1]   The Deficiencies Memorandum's inclusion will not unduly prejudice any party because the parties would not have received an opportunity to comment on it and Plaintiffs point to no argument they forfeited as a result of Commerce's not providing them with it earlier.   There is also no compelling evidence Commerce acted in bad faith, and government agents are presumed "to act in good faith absent strong evidence to the contrary.   Plaintiffs have not rebutted this presumption; therefore, Commerce's Motion to Correct the Record is **GRANTED**.

## I.      The Deficiencies Memorandum Is Part of the Record

The first and most important issue facing the Court is whether the Deficiencies Memorandum is properly part of the record as defined by statute.   Commerce argues that the Deficiencies Memorandum is part of the Final Results because "it is

---

[1] The Court does not address whether good cause supports the correction of the record because good cause is foreign to the case law governing motions to correct or supplement the record.  *Cf.* Def.'s Mot. at 1, ECF No. 28; Pls.' Resp. at 13–14, ECF No. 29; Def.'s Reply at 6–7, ECF No. 33.  The Court has not found supporting case law where the good cause standard has been applied in this context. It would be improper for the Court to insert an extraneous standard into consideration of this Motion.

referenced numerous times throughout the IDM,[2] is referred to in the Federal Register notice, was dated 'concurrently' with the final results, 'accompanies this decision memorandum,' and analyzes Grupo Simec's proprietary information[.]" Def.'s Mot. at 4–5, ECF No. 28. The Plaintiffs counter that Commerce failed to comply with the statutory deadline for submitting the record and cannot now add the omitted document, which they allege contains new factual information. Pls.' Resp. at 12–13, ECF No. 29. Because the Deficiencies Memorandum is statutorily part of the record, it may not be omitted.

The record "shall" include "all governmental memoranda pertaining to the case[.]" 19 U.S.C. § 1516a(b)(2)(A)(i). The record is not confined to "those documents that the agency has compiled and submitted as 'the' administrative record," but rather "consists of all documents and materials directly or indirectly considered by agency decision-makers[.]" *Hyundai Elec.*, 477 F. Supp. 3d at 1329 (quoting *F. Lli De Cecco*, 980 F. Supp. at 488).

The Issues and Decisions Memorandum and the Final Results reference the Deficiencies Memorandum extensively. *See, e.g.*, IDM at 15, Barcode: 4247887-02 A-201-844 REV; Final Results, 87 Fed. Reg. at 34,849 n.10. Indeed, the IDM cites the Deficiencies Memorandum nine separate times. IDM at 15–16, 24–26, Barcode: 4247887-02 A-201-844 REV. The Deficiencies Memorandum is dated concurrently with the IDM, demonstrating that Commerce produced and considered the document

---

[2] Issues and Decisions Memorandum, detailing Commerce's final decision.

as it made its final decision. Final Deficiencies Memorandum at 1, Barcode: 4301434-01 A-202-844 REV. As such, it is part of the record. *See* 19 U.S.C. § 1516a(b)(2)(A)(i). Further, as Commerce explained in its decision, "[d]ue to the proprietary nature of certain information and issues, Commerce has separately addressed the deficiencies and the arguments raised by parties in the Deficiencies Memorandum." IDM at 15, Barcode: 4247887-02 A-201-844 REV. In other words, Commerce created the separate Deficiencies Memorandum to protect the parties' business confidential information. A separate document makes redaction easier.

Plaintiffs' objections that Commerce is barred from adding the Deficiencies Memorandum to the record and that Commerce is only allowed to correct ministerial errors are incorrect. *See* Pls.' Resp. at 11–13, ECF No. 29. Commerce, at the time it makes a final determination, must "publish the facts and conclusion supporting that determination[.]" 19 U.S.C. § 1677f(i)(1). Plaintiffs argue that Commerce's violation of this statute bars it from correcting the record now. Pls.' Resp. at 11, ECF No. 29. However, the statute does not explain how to remedy the apparent conflict. Commerce violated two statutes — one providing what is in the record for review and one providing what Commerce must publish when it makes its determination. *Compare* 19 U.S.C. § 1516a(b)(2)(A)(i) (listing the required contents of the record for review), *with* 19 U.S.C. § 1677f(i) (obligating Commerce to publish the facts and conclusions supporting its determinations). The statute offers no reason to conclude that a document that is part of the record cannot be added to correct the record for

review when mistakenly omitted.  As the Federal Circuit has explained, statutes

establishing procedural requirements that do not prescribe remedies or consequences

for their breach do not grant enforceable rights.  *See Andrews v. Principi,* 351 F.3d

1134, 1137 (Fed. Cir. 2003) (citing *Rodriguez v. West,* 189 F.3d 1351, 1355 (Fed. Cir.

1999)); *see also United States v. James Daniel Good Real Property,* 510 U.S. 43, 63

(1993) ("We have held that if a statute does not specify a consequence for

noncompliance with statutory timing provisions, the federal courts will not in the

ordinary course impose their own coercive sanction.").

Plaintiffs' other contention that Commerce's statutory authority to correct

ministerial errors does not extend to adding an entire memorandum to the record

misses the point.  Pls.' Resp. at 12, ECF No. 29.  Commerce is not proceeding under

the ministerial error statute.  *See* 19 U.S.C. § 1675(h).  Rather, Commerce is

admitting it violated the statutes governing the record and the publication of the final

results.  *See* Def.'s Mot. at 2–3, ECF No. 28.  The appropriate remedy for this violation

is correction of the record, provided omission would frustrate judicial review, such

correction does not unduly prejudice any party, and the error was not made in bad

faith.  The Court now turns to consider those questions.

## II.    Omission Would Frustrate Judicial Review

Commerce argues that the Deficiencies Memorandum was integral to its

decision to apply facts otherwise available with an adverse inference to Grupo Simec

and that the Court "cannot properly review th[e] determination" without the

document. Def.'s Reply at 10, ECF No. 33 (citing *Saha Thai*, 594 F. Supp. 3d at 1308). Plaintiffs concede that "Commerce's rationale without the Omitted Memorandum is significantly different from its rationale with the Omitted Memorandum." Pls.' Resp. at 16, ECF No. 29. The omission of the Deficiencies Memorandum would frustrate judicial review because it is integral to understanding the challenged Final Results.

"A court considering a request to supplement an administrative record should determine 'whether supplementation of the record was necessary in order not "to frustrate effective judicial review."'" *Ass'n of Am. Sch. Paper Suppliers v. United States*, 683 F. Supp. 2d 1317, 1321 (CIT 2010) (quoting *Axiom Resource Mgmt. v. United States*, 564 F.3d 1374, 1381 (Fed. Cir. 2009) (quoting *Camp v. Pitts*, 411 U.S. 138, 142–43 (1973))). An incomplete record will frustrate judicial review when the absent materials are "sufficiently intertwined with the relevant inquiry" so that "the decision can[not] be reviewed properly without" them. *Floral Trade Council*, 709 F. Supp. at 230.

According to the IDM, the Deficiencies Memorandum contains a "robust discussion" of the decision to apply adverse inferences drawn from facts otherwise available to Grupo Simec. IDM at 24, Barcode: 4247887-02 A-201-844 REV. The Deficiencies Memorandum is referenced nine separate times in the IDM as providing a more detailed explanation or further support for Commerce's conclusions. *See, e.g.,* *id.* at 15 ("As the Deficiencies Memorandum discusses, the deficiencies contained in the supplemental questionnaire responses and evaluated in the Preliminary Results

were all deficiencies that arose in the initial questionnaire responses and that Grupo
Simec failed to correct or explain in the supplemental questionnaire responses[.]").
Plaintiffs admit that Commerce's rationale for its Final Results is significantly
clearer when considered alongside the Deficiencies Memorandum. *See* Pls.' Resp. at
16, ECF No. 29. This likely explains why Plaintiffs make the extraordinary request
that the Court remand to Commerce with specific instructions that Commerce may
*not* place the Deficiencies Memorandum on the record. *Id.* at 20. Without the
Deficiencies Memorandum, Commerce's decision may be incomplete because of the
lack of explanation found solely in the Final Results. Better evidence could not be
found that the Deficiencies Memorandum is inextricably intertwined with
Commerce's decision in this case such that its omission would frustrate judicial
review.

### III.    Plaintiffs Are Not Prejudiced

Plaintiffs argue that Commerce's failure to provide them with the Deficiencies
Memorandum was prejudicial because they never had the opportunity to review and
comment on it during the administrative proceedings. *Id.* at 9. They necessarily also
contend that the information in the Deficiencies Memorandum is new factual
information; and, thus, they had a right to rebut those new facts. *Id.* at 8. Commerce
counters that the Deficiencies Memorandum is part of the Final Results and would
never have been given to the Plaintiffs for comment or examination before its
issuance with the Final Results. Def.'s Reply at 3–4, ECF No. 33. Commerce also

argues that the Deficiencies Memorandum does not contain new factual information but instead provides a detailed analysis of the facts already on the record. *Id.* at 2–3.

The administrative law principle of harmless error requires a showing of substantial prejudice resulting from an agency failure to follow statutory requirements or agency regulations. *See SolarWorld Americas, Inc. v. United States*, 962 F.3d 1351, 1359 (Fed. Cir. 2020) ("In the antidumping context, a party challenging a purported error by Commerce must show that it was harmed as a result of the error."); *Intercargo Ins. Co. v. United States*, 83 F.3d 391, 394 (Fed. Cir. 1996) ("It is well settled that principles of harmless error apply to the review of agency proceedings."); *see also PAM S.p.A. v. United States*, 463 F.3d 1345, 1348 (Fed. Cir. 2006) (requiring a showing of substantial prejudice when Commerce violated its own regulation that required it to give notice to a foreign exporter).

Commerce admits that it failed to include the Deficiencies Memorandum in the record as required by the statute, but that alone is insufficient to show substantial prejudice. Def.'s Mot. at 1, ECF No. 28. Plaintiffs claim that they are prejudiced by the lack of opportunity to comment on the Deficiencies Memorandum. Pls.' Resp. at 9, ECF No. 29. But plaintiffs do not have an opportunity to comment on the final results and accompanying explanation of an administrative review. Their final opportunity for comment comes after the agency issues its Preliminary Determination. *See* 19 C.F.R. § 351.309(c)(1)(ii) (detailing that a party's final

administrative case brief must be submitted "30 days after the date of publication of the preliminary results of review"). At that time, parties are to file a brief with the agency stating all grounds of objection to the preliminary results along with any supporting legal argument. *See* 19 C.F.R. § 351.309 ("The case brief must present all arguments that continue in the submitter's view to be relevant to the Secretary's final determination or final results, including any arguments presented before the date of publication of the preliminary determination or preliminary results."). Any non-ministerial objections to the Final Results have only one forum — federal court. *See* 28 U.S.C. § 1581(c).

Plaintiffs further claim that they are prejudiced by not having access to the Deficiencies Memorandum in preparing their Motions for Judgment on the Agency Record. However, Plaintiffs will have ninety days after the resolution of this Motion to develop their briefs. *See* Def.'s Reply at 9, ECF No. 33; *see also* Order, ECF No. 27. And Plaintiffs have already been offered access to the Deficiencies Memorandum while this Motion is pending so that they may review it and note any additional arguments they wish to bring before the Court. Joint Status Conf. Recording at 50:20–51:00. Despite having been offered access to the Deficiencies Memorandum, it is notable that none of the Plaintiffs have identified any specific amendments to their present pleadings they need to make. *See* Pls.' Resp. at 8–10, ECF No. 29 (failing to identify any amendment of the pleadings necessitated by the Deficiencies Memorandum).

Plaintiffs object that there is prejudice because the Deficiencies Memorandum consists of new factual information, which is apparent because "discussion of Simec's responses in the *Preliminary IDM* [PDM] is only six pages; the [Deficiencies Memorandum] is twenty-five pages long." *Id.* at 6. The problem with this argument is that it puts the cart before the horse. The Court can only address these issues if the Deficiencies Memorandum is on the record and reviewable by the Court. The question of whether the Deficiencies Memorandum contains new factual information goes to the merits and not to whether it belongs on the record. If the Court finds these claims meritorious after review under USCIT Rule 56.2, then it can remand the case back to Commerce to give further explanation or to take new agency action. *See Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 140 S. Ct. 1891, 1907–08 (2020).

To show prejudice, a plaintiff "must show that it was harmed as a result of the error." *SolarWorld*, 962 F.3d at 1359. Yet Plaintiffs point to no arguments that they have forfeited and for which they cannot seek remedy in their forthcoming Motions for Judgment on the Agency Record. Pls.' Resp. at 8–10, ECF No. 29. Plaintiffs have failed to demonstrate they were harmed by Commerce's failure to timely provide them with the Deficiencies Memorandum. Commerce's error was harmless.

## IV.   Commerce Did Not Act in Bad Faith

Plaintiffs finally argue that Commerce acted in bad faith because Commerce only sought to correct the record four months after the Final Results and then only after Grupo Simec brought the omitted memorandum to its attention. *Id.* at 16. They

also allege — without providing any evidence — that Commerce may have fabricated the omitted memorandum after the publication of the Final Results. *Id.* at 15. Commerce replies that Plaintiffs' allegations of bad faith or fraud are specious and violate the presumption that government officials act in good faith in the exercise of their duties. Def.'s Reply at 7, ECF No. 33.

The Federal Circuit has held that "[t]he presumption that government officials act in good faith is enshrined in our jurisprudence." *Croman Corp. v. United States*, 724 F.3d 1357, 1364 (Fed. Cir. 2013) (citing *Am-Pro Protective Agency, Inc. v. United States*, 281 F.3d 1234, 1239 (Fed. Cir. 2002)). The Court must presume that government officials "act conscientiously in the discharge of their duties," and that presumption may only be overcome by "clear and convincing evidence" of bad faith. *Id.*

Bad faith requires evidence, not mere allegation. Commerce admits that it erred in failing to provide the Deficiencies Memorandum when it published the Final Results. *See* Def.'s Mot. at 2, ECF No. 28. Plaintiffs allege without evidence that Commerce fabricated the document after the Final Results' publication:

> Although Commerce cited to a 'Deficiencies Memo' in the Final IDM, there is no record of its creation prior to, or concurrent with the decision-making process. Commerce's explanation to the Court is only its 'understanding' about what happened, but Commerce does not provide a definitive explanation of when the Memorandum was created or when it was discussed or finalized in the decision-making process. The only evidence Commerce cites for the omission is that the Final IDM includes several

> citations to a 'Deficiencies Memo.' Without details about
> the circumstances of [the Deficiencies Memorandum], it is
> objectively just as likely that someone at Commerce
> suggested that it would be nice to have a [Deficiencies
> Memorandum], but that this document was not actually
> created until some point in time after the Final Results
> were signed and issued. There is no information indicating
> that any form of the [Deficiencies Memorandum] was
> actually considered by Commerce during the decision-
> making process.

Pls.' Resp. at 15, ECF No. 29 (internal citations omitted).

Plaintiffs argue that there is no evidence Commerce created the Deficiencies

Memorandum but acknowledge that the document is cited repeatedly in the IDM. *Id.*

To explain this contradiction, Plaintiffs argue that it is not just plausible but

"objectively just as likely" that, rather than the document's omission being

inadvertent error, (1) Commerce determined it would like to create a Deficiencies

Memorandum; (2) Commerce officials conspired to execute an elaborate fraud; (3) as

part of that fraud, Commerce inserted nine references to a yet-unwritten Deficiencies

Memorandum in support of specific arguments; and (4) sometime between then and

October 19, 2022, Commerce officials wrote and had senior officials approve a

Deficiencies Memorandum backdated to the same date as the Final Results. To refer

to these two situations as "equally likely" is absurd.[3] Given "the presumption that

government officials act in good faith," fanciful allegations unsupported by evidence

---

[3] *See, e.g.,* Occam's Razor: "The principle that in explaining anything no more assumptions should be made than are necessary." OXFORD ENGLISH DICTIONARY (Mar. 2022), https://bit.ly/3GUJtba.

Consol. Court No. 1:22-cv-00202                                              Page 21

are insufficient to provide the required "clear and convincing evidence" of bad faith.

*Croman Corp.*, 724 F.3d at 1364.  Commerce did not act in bad faith.

## CONCLUSION

Plaintiffs have tried to argue that the full record of this proceeding should not

be considered with a barrage of arguments that miss the mark.  The Deficiencies

Memorandum is an integral part of the Final Results, and it would frustrate judicial

review to omit the memorandum from the record.  Plaintiffs are not prejudiced by its

inclusion, and Commerce did not act in bad faith.  Commerce's Motion to Correct the

Record is **GRANTED**.

                                                        Stephen Alexander Vaden, Judge

Dated: January 27 2023
        New York, New York