**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE: THE HONORABLE STEPHEN ALEXANDER VADEN, JUDGE

|  |  |
|---|---|
| GRUPO ACERERO S.A. de C.V., GRUPO SIMEC S.A.B. de C.V., *et al.*, <br><br> Plaintiffs, <br><br> and <br><br> GERDAU CORSA, S.A.P.I de C.V., <br><br> Plaintiff-Intervenor, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> REBAR TRADE ACTION COALITION, <br><br> Defendant-Intervenor. | Consol. Court No. 22-00202 |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' AND DEFENDANT-INTERVENOR'S JOINT COMMENTS ON THE REMAND REDETERMINATION**

Defendant, the United States, respectfully submits this response to the joint comments submitted by plaintiffs Grupo Simec S.A.B. de C.V.; Aceros Especiales Simec Tlaxcala, S.A. de C.V.; Compania Siderurgica del Pacifico S.A. de C.V.; Fundiciones de Acero Estructurales, S.A. de C.V.; Grupo Chant S.A.P.I. de C.V.; Operadora de Perfiles Sigosa, S.A. de C.V.; Orge S.A. de C.V.; Perfiles Comerciales Sigosa, S.A. de C.V.; RRLC S.A.P.I. de C.V.; Siderúrgicos Noroeste, S.A. de C.V.; Siderurgica del Occidente y Pacifico S.A. de C.V.; Simec International 6 S.A. de C.V.; Simec International, S.A. de C.V.; Simec International 7 S.A. de C.V.; and Simec

International 9 S.A. de C.V. (collectively, Simec), consolidated plaintiff Gerdau Corsa, S.A.P.I de C.V. (Gerdau Corsa), consolidated plaintiff Grupo Acerero S.A. de C.V. (Grupo Acerero), and defendant-intervenor Rebar Trade Action Committee, J. Cmnts., ECF Nos. 79, concerning the Department of Commerce's remand redetermination filed in accordance with this Court's decision and remand order in *Grupo Acerero S.A. de C.V. v. United States*, 698 F. Supp. 3d 1320 (Ct. Int'l Trade 2024). *See* Final Results of Redetermination Pursuant to Court Order (Nov. 21, 2024), ECF No. 77-1 (Remand Redetermination), APPX007842-007869. In the joint comments, "the Private Parties to this action jointly agree this Court should sustain the Final Remand Determination." J. Cmnts. at 2. Accordingly, the Court should sustain Commerce's remand redetermination because it complies with the remand opinion and is supported by substantial evidence and otherwise in accordance with law.

## BACKGROUND

**I.     The Administrative Determination Under Review**

The administrative determination under review is the final results of the administrative review of the antidumping duty order covering rebar from Mexico. *See Steel Concrete Reinforcing Bar From Mexico*, 87 Fed. Reg. 34,848 (Dep't of Commerce June 8, 2022) (final results), Appx007781-007784, and the accompanying Issues and Decision Memorandum (IDM), Appx007713-007757; *see also* Grupo Simec Questionnaire Deficiencies Analysis (Deficiencies Memorandum) (Dep't of Commerce June 1, 2022), Appx007817-007841, Appx091515-091539. The period of review is November 1, 2019, through October 31, 2020.

Relevant to the remand redetermination, Commerce issued two supplemental questionnaires to Simec regarding Sections A-C and A&D of the initial questionnaire on July 27 and August 4, 2021, respectively. *See* Simec A-C First Supp. Questionnaire, Appx004873-

004889; *see also* A&D Second Supp. Questionnaire, Appx004890-004903. Commerce rejected Simec's request for two additional weeks to file the A-C supplemental questionnaire, making the deadline September 7, 2021. *See* Simec's A-C Supp. Questionnaire Resp. Extension Request, Appx004954-004957; Commerce's Denial of Simec's A-C Supp. Questionnaire Resp. Extension Request, Appx0049558. On October 18, 2021, 40 days after the September 7 deadline, Simec nonetheless filed a submission containing the information Commerce had requested in the A-C supplemental questionnaire. *See* Simec Proposed October 18 Filing, Appx006625-006628. Commerce rejected this submission as untimely. *See* Commerce's Denial of Simec's October 18 Filing, Appx007108-007109.

Commerce thereafter published its final results on June 8, 2022. *See generally* IDM, Appx007713-007757. In the final results, Commerce applied facts available with an adverse inference. *See id*. at 1, Appx007713. Concurrent with the final results, Commerce also issued the public version of the Deficiencies Memorandum, detailing the significant shortcomings of Simec's submissions. *See* Deficiencies Memorandum, Appx007817-007841. For example, due to clerical errors in the Control Number (CONNUM) data which Simec failed to resolve in its supplemental questionnaire response, Commerce determined that it "could not confidently conclude that Grupo Simec correctly reported its CONNUMs . . . {which} calls into question whether *any* of the data in the home market sales submission is reliable and, by extension, whether any dumping margin calculated by Commerce with this data could be considered accurate." *Id.* at 3, Appx007819.

Thus, Commerce applied the 66.70 percent rate to Simec that Commerce had previously determined in the preliminary results. *See* IDM at 32-35, Appx007744-007747. Commerce also affirmed a *de minimis* rate to the other mandatory respondent, Deacero S.A.P.I. de C.V.

3

(Deacero), and in accordance with 19 U.S.C. § 1673(d)(c)(5)(B), applied an average of the rates assigned to Deacero and Simec to the non-selected companies. *See id.* at 40-45, Appx007752-007757. This resulted in a final dumping margin of 33.35 percent to the two non-selected companies.

## II.    Remand Order

On April 25, 2024, the Court held that Commerce's final results were not supported by substantial evidence and that Commerce had abused its discretion when it had denied Simec's extension request to file a supplemental questionnaire response. *Grupo Acerero*, 698 F. Supp. 3d at 1338. Specifically, the Court held that "Commerce abused its discretion when it cut Simec out of the fact-gathering portion of the review nearly three months before publishing the Preliminary Results by citing the need to meet statutory deadlines." *Id.* at 1332. Deacero, in contrast, benefitted from "multiple extension requests over three supplemental questionnaires for nearly two more months." *Id.* Indeed, the Court held that Commerce's disparate treatment of Simec was an abuse of discretion because although Deacero "contended with the general COVID-19 hurdles multiple pandemic-era respondents face," it received extensions from Commerce and Simec did not. *Id.* at 1334. Whereas Simec "confronted calamitous consequences" and "uniquely severe fallout from COVID-19," with three key employees dying and one employee being intubated during the timeframe for responding to initial and supplemental questionnaires. *Id.* at 1333-1334.

Further, the Court rejected Commerce's professed need for finality because Commerce rejected Simec's extension request yet issued three supplemental questionnaires to the other mandatory respondent, Deacero, and "prematurely ended Simec's ability to respond to Commerce's questionnaires." *Id.* at 1335-1336. Consequently, the Court ordered Commerce to

4

reopen the record on remand and accept Simec's rejected October 18 filing. *See id.* at 1334-1336.

Alternatively, the Court held that "Commerce's decision to reject Simec's request for additional time would also fail for not being supported by substantial evidence." *Id.* at 1336. To wit, the Court held that "Simec faced severe challenges in both the initial and supplemental questionnaire periods," because during the initial questionnaire response period, "Simec notified Commerce that its workers contracted COVID-19, an at-risk pregnant worker needed to be isolated, and a key accountant died from COVID-19." *Id.* Then, during the time for responding to supplemental questionnaires, Simec's "situation worsened" because "two more accountants died from COVID-19; another accountant was intubated; and Simec's experienced outside counsel, who was 'extremely helpful' in a prior administrative review, could not travel to Mexico because of COVID-19 restrictions." *Id.* at 1337. The Court held that "{i}t was Commerce's job to acknowledge" that novel events occurred and "explain how it took those sad novelties into account in making its decision to reject Simec's request for further time," but that Commerce failed to do so. *Id.* at 1337-1338. Thus, the Court ordered Commerce to "reopen the record and accept the information Simec proffered on October 18, 2021," and to "request any other information it may need after reviewing the October 18 data." *Id.* at 1338.

### III.  Commerce's Remand Redetermination

On November 21, 2024, Commerce issued the remand results and, after reopening the record to accept the October 18 filing and additional submissions from Simec, determined that it was no longer warranted to apply facts available with an adverse inference to Simec. *See* Remand Results at 2, APPX007843. As a result of this change, the weighted-average dumping margin was 0.00 percent across-the-board for Simec, Grupo Acerero, and Sidertul S.A. de C.V.

5

*Id.* at 2-3, 28, APPX007843-007843, APPX007869.

## ARGUMENT

I. **Standard Of Review**

In remand proceedings, the Court will sustain Commerce's determination if it is "in accordance with the remand order," and are "supported by substantial evidence and otherwise in accordance with law." *MacLean-Fogg Co. v. United States*, 100 F. Supp. 3d 1349, 1355 (Ct. Int'l Trade 2015) (citing 19 U.S.C. § 1516a(b)(1)(B)(i)).

II. **Commerce Complied With The Court's Remand Order**

In the remand order, the Court held that Commerce abused its discretion by failing to accept Simec's October 18 filing, or, alternatively, that substantial evidence did not support Commerce's decision to reject the filing. *See generally Grupo Acerero*. On remand, Commerce complied with the Court's order when it reopened the record to accept the October 18 filing and sought additional information from Simec after analyzing the October 18 filing. Remand Results at 2, APPX007843.

Contrary to petitioner's sole argument[1] on remand regarding the scope of additional information placed on the remand record, Commerce explained that its request for additional information from Simec "was fully consistent with the Court's remand order" and the petitioner's request to "initially limit {Commerce's} request only to the October 18 data is therefore simply inconsistent with the Court's holding." *Id.* at 22-23, APPX007863-007864. For example, Commerce explained that it "was aware to some extent what information it would need from Grupo Simec" after receiving the October 18 data, and, consequently, "Commerce's

---

[1] Notably, petitioner did *not* contest Commerce's ultimate decision not to apply facts available with an adverse inference to Simec after Commerce's receipt of the October 18 filing and other supplemental information.

6

request for information could and did anticipate deficiencies, specifically the answers to two supplemental questionnaires issued during the underlying proceeding, and Commerce requested revised answers to these supplemental questionnaires at the same time it requested to receive the October 18, 2021 filing." *Id.* at 23, APPX007864. Moreover, the "Court expressly gave Commerce the discretionary authority to request any other information it needed." *Id.*

Second, Commerce rejected petitioner's argument that Simec somehow "controlled" the remand proceedings and explained that *Dongtai Peak Honey Industries v. United States*, 777 F.3d 1343, 1352 (Fed. Cir. 2015), was inapposite. Remand Results at 23-24, APPX007864-007865. Commerce explained that *Dongtai Peak* concerned *untimely* extension requests in an administrative proceeding, but this was a remand proceeding and "the situation is different in that Commerce must comply with the Court's express order" and accept the October 18 filing. *Id.* at 24. APPX007865. Indeed, it was well "within Commerce's discretion to set and enforce deadlines" for both Commerce's issuance of supplemental questionnaires and Commerce's grant of Simec's extension requests. *Id.* In other words, even on remand, Commerce exercises its discretion when assigning deadlines and considers the particular facts attributable to each respondent. *See Trinity Mfg., Inc. v. United States*, 549 F. Supp. 3d 1370 (Ct. Int'l Trade 2021), *aff'd*, 2023 WL 234228 (Fed. Cir. 2023); *see also Vt. Yankee Nuclear Power Corp. v. Nat. Res. Def. Council, Inc.*, 435 U.S. 519, 543 (1978) ("Absent constitutional constraints or extremely compelling circumstances, the administrative agencies should be free to fashion their own rules of procedure and to pursue methods of inquiry capable of permitting them to discharge their multitudinous duties.") (cleaned up).

Finally, it was reasonable for Commerce to issue the remand redetermination not under protest because Simec "addressed previous gaps in the record information as outlined in the

Deficiencies Memorandum," which permitted Commerce to calculate a margin for Simec and not rely on facts available with an adverse inference. Remand Results at 25, 27, APPX007866, APPX007868.

## **CONCLUSION**

For these reasons, we respectfully request that the Court sustain Commerce's remand redetermination, and enter final judgment in favor of the United States.

                          Respectfully submitted,

                          BRIAN M. BOYNTON
                          Principal Deputy Assistant Attorney General

                          PATRICIA M. MCCARTHY
                          Director

                          /s/ L. Misha Preheim
                          L. MISHA PREHEIM
                          Assistant Director

OF COUNSEL:                     /s/ Kara M. Westercamp
                          KARA M. WESTERCAMP
RUSLAN KLAFEHN             Senior Trial Counsel
Attorney                          Commercial Litigation Branch
Office of the Chief Counsel        Civil Division
For Trade Enforcement & Compliance   U.S. Department of Justice
U.S. Department of Commerce      P.O. Box 480,
                          Ben Franklin Station
                          Washington, D.C. 20044
                          Phone: (202) 305-7571
                          Email: Kara.M.Westercamp@usdoj.gov

Dated: January 15, 2025

CERTIFICATE OF COMPLIANCE

      I hereby certify, pursuant to section 2(B)(1) of the Standard Chambers Procedures of this Court, that this brief contains 1,813 words, excluding the table of contents, table of authorities, any addendum containing statutes, rules or regulations, any certificates of counsel, and counsel's signature, as calculated by the word processing system used to prepare this brief (Microsoft Word).

                                                 s/ Kara M. Westercamp
                                           KARA M. WESTERCAMP
                                              Senior Trial Counsel
                                           Department of Justice
                                               Civil Division

## UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE STEPHEN A. VADEN, JUDGE

|  |  |
|---|---|
| GRUPO ACERERO S.A. de C.V.,<br>GRUPO SIMEC S.A.B. de C.V., *et al.*,<br><br>        Plaintiffs,<br><br>and<br><br>GERDAU CORSA, S.A.P.I de C.V.,<br><br>        Plaintiff-Intervenor,<br><br>    v.<br><br>UNITED STATES,<br><br>        Defendant,<br><br>and<br><br>REBAR TRADE ACTION COALITION,<br><br>        Defendant-Intervenor. | Consol. Court No. 22-00202 |

## **ORDER**

Upon consideration of the Department of Commerce's final results of redetermination pursuant to remand, defendant's response in support thereto, and all other pertinent papers, it is hereby

ORDERED that the remand results are sustained in their entirety; and further

ORDERED that final judgment is entered in favor of the United States.

Dated:_____, 2025

New York, NY

_____

STEPHEN A. VADEN, JUDGE

9